### LEWIS v. HARRIS et al.

(Supreme Court, Appellate Term. January 5, 1912.)

MASTER AND SERVANT (§ 80*)—WAGES—ACTIONS FOR—SUFFICIENCY OF EVIDENCE.

Evidence in an action for salary earned under a written contract *held* to show that defendant still owed plaintiff for the weeks he was employed not covered by the checks put in evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 118, 119; Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Lewis against Simon Harris and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Kaufman & Gisnet (Michael Kaufman, of counsel), for appellant. Charles Eno, for respondents.

LEHMAN, J. The plaintiff sues for services performed under a written contract whereby the defendants agreed to pay him a weekly salary of $30 per week. In the contract it was provided that the working hours of the plaintiff shall be from 7 a. m. until 6 p. m. six days per week. It is not disputed that the plaintiff remained in the defendants' employ for a period of 37 weeks and 1 day. The only issue litigated was whether or not the plaintiff was paid in full for his services.

It appears that the plaintiff was at all times paid by checks, and these checks are produced in evidence, and aggregate a sum considerably less than $1,115, the amount due the plaintiff, if he worked for 37 weeks and 1 day. The defendants explain this difference by the claim that they deducted from each check the amount which the plaintiff failed to earn by absence from work. The plaintiff admits that he did not work on Jewish holidays and for a few days during which he was, with the defendants' knowledge, transacting some personal business. But even though we give the defendants the benefit of every possible inference, and concede that the parties did not contemplate any absence on holidays, yet there is no evidence of any absence beyond 17 days. The checks produced, however, are insufficient to show full payment, even if $85 be deducted from the plaintiff's claim. The defendants testified that they paid the plaintiff by check every few weeks, and that each check represented payment in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

full to that date. They have not, however, produced the books from which this court could determine whether or not this statement is correct. Certainly the checks themselves do not bear out this statement, because in the period between September 10th and April 4th not a single check was given, except for $30 or multiples of that amount. It would appear, therefore, that these checks represent payments of weekly salary without deductions, and that the defendants still owe the plaintiff for the weeks not covered by these checks. The defendants have in their possession the data upon which the amounts of these checks were based, and to prove their plea of payment should produce and show the correctness of these data.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.